Voegeli v. Marble & Granite Co.

ANNIE VOEGELI, by her next friend, etc., Respondent,
    v. PICKEL MARBLE AND GRANITE COMPANY,
        Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. **Instructions:** CURING OF INAPTITUDE OF EXPRESSION IN ONE BY ANOTHER. It is always to be presumed that the jury, before making up their verdict, have read all the instructions given by the court; and an inaptitude of expression in one instruction is accordingly held to have been cured, since its meaning, when read in connection with another instruction, was not in doubt.

2. **Inferential Proof:** WITHDRAWAL OF CASE FROM JURY. When the evidence in an action of law will support either of two deductions, one of which establishes the liability of the defendant and the other not, it is the province of the jury to determine which shall be made, and the case should, therefore, not be withdrawn from them.

3. **Practice, Appellate:** DAMAGES IN ACTIONS FOR PHYSICAL INJURIES. The amount of recovery in an action for personal injuries must be left largely to the discretion of the jury; nor should their verdict be disturbed, unless its amount is so large as to to shock the conscience of the court.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Rudolph Schulenberg* and *G. A. Wurdeman* for appellant.

*A. R. Taylor* for respondent.

BIGGS, J.—This is an action for personal injuries, in which the plaintiff recovered a judgment for $1,500. This is the second appeal. 49 Mo. App. 644. On the first appeal, we reversed the judgment for error in the instructions. The facts are fully stated in that

opinion, which renders it unnecessary to restate them here. We held in our former opinion that the plaintiff's instruction was erroneous and misleading, in that it did not require the jury to find that the defendant's servants in doing the acts complained of acted within the scope of their employment. The defendant contends that the plaintiff's first instruction on the second trial is subject to the same objection. The instruction complained of reads: "If the jury find from the evidence in the case that LaBeaume street at the place mentioned in the evidence was, on the tenth day of April, 1890, an open public street of the city of St. Louis; and if the jury further find from the evidence that Martin Voegeli was appointed next friend of the plaintiff before this suit was brought; and if the jury further find from the evidence that on the tenth day of April, 1890, *the defendant's servants, while acting within the scope of their employment, placed in the gutter of said street certain rubbish and combustible material, and set fire to the same,* and that said rubbish and combustible material so on fire was an attraction to children to play therewith; and if the jury further find from the evidence in this case that said material so on fire did attract plaintiff and other children to play therewith, and that the same was dangerous to plaintiff; and if the jury further find from the evidence in this case that defendant and its said servants knew that such material so fired was attractive to children to play therewith; and if the jury further find from the evidence that, whilst plaintiff was at said rubbish, playing therewith, her clothing caught fire and plaintiff was thereby injured; and if the jury find from the evidence that said defendant's said servants did not exercise ordinary care in so firing said rubbish in said street, if they did so, then plaintiff is entitled to recover."

The objection to the instruction is that, giving it a

grammatical construction, the words "while acting within the scope of their employment" refer *only* to the placing of the rubbish in the street, and not to the setting fire to the same. The instruction is somewhat inaptly drawn, but, when it is read in connection with the plaintiff's second instruction, its meaning could not in reason have been misunderstood. In the second instruction the jury were expressly told that the defendant was not liable, unless its servants set fire to the rubbish, and, in doing so, were acting within the scope of their employment. In reviewing causes, we must give juries credit for some intelligence, and we must also indulge in the presumption that, before making up their verdicts, they read and consider all of the instructions. This objection will be overruled.

The next assignment is, that the judgment is not supported by the evidence. The plaintiff, when burned, was only four or five years old. No one saw the accident. Where and how the plaintiff's clothing was ignited are matters of inference only. She was first seen running along Ninth street about two or three hundred feet from the fire in front of the defendant's premises. Her clothes were then burning. The accident occurred about 11.45 A. M. During the morning she and several of the neighborhood had been playing around the fire above mentioned. They were searching in the embers for nails. The other children went away leaving the plaintiff at the fire. One of the boys who was with her testified that he had only been gone from the fire five or ten minutes, when the accident occurred. The other children had been gone from one-half to three-quarters of an hour. One of the witnesses testified that the plaintiff put the nails which she found into a tin can. Another testified that, a few minutes after the child was burned, she went to the fire in front of the defendant's premises, and that she

found a tin can lying on the embers. On the other hand, the defendant proved by two witnesses that, at the time the plaintiff was burned, there was a fire on a vacant lot which joined the defendant's premises on the west; that the children of the neighborhood had been in the habit of congregating there and building fires; that there was a fire on the lot at the time the plaintiff was burned, and that, when she was first seen, she was nearer to that fire than to the one in front of the defendant's premises. One of the defendants witnesses also testified that, about 11.30 in the morning, she saw the plaintiff on the vacant lot. She seemed to be gathering something from the ground and placing it in her apron. In rebuttal, several of the plaintiff's witnesses testified that there was no fire on the vacant lot at the time the plaintiff was injured. Concerning other matters, the record is the same as that on the other appeal.

This evidence presents two possible theories as to the cause of the accident. For only one of these the defendant can, under any circumstances, be held responsible. Under this condition of the evidence, counsel argue that the defendant's liability must necessarily rest on bare conjecture, for the reason that there was equally as strong a possibility or probability that the injury was brought about by the other cause for which the defendant could not be held. The position is untenable, since there was substantial evidence to support the plaintiff's theory. The supreme court in the case of *Kelly v. Railroad*, 70 Mo. 605, passed on a similar state of facts. The court there said: "Whether Kelly came to his death by stepping off the train before it reached Mooresville Station, or whether it was occasioned by his being thrown under the cars in attempting to alight from the cars, while moving slowly, by direction of defendant's officers, or whether

he was intoxicated, and had lain down on the track and was run over by the western bound train, or whether he had been killed and thrown upon the track to be run over by defendant's train, is not shown. There was evidence applying to each one of these theories and it was the province of the jury to apply it. If Kelly's death was occasioned by the first, third or fourth, of the above named causes, the defendant is not liable. If occasioned by the second cause, by negligence of defendant and without negligence on Kelly's part, the defendant is liable. As there was some evidence, although slight, tending to show that Kelly was killed by the eastern bound train on which he was a passenger, at the station in Mooresville, the question should not have been withdrawn from the jury'' etc. Where the verdict of the jury could, under the evidence, be based only on mere conjecture, or where reasonable men could form only one conclusion as to the probability of one of several causes to which the accident is attributable, and that conclusion would point to a cause for which the defendant is not responsible, it would be the duty of the court to withdraw the case from the consideration of the jury. *Moore v. Railroad*, 28 Mo. App. 622.

In the case at bar, the plaintiff was seen playing in the fire in front of the defendant's premises about five or ten minutes before she was hurt. She had a tin can, in which she was putting the nails which she found. A few minutes after the accident, a tin can was found lying in the embers where the plaintiff had been playing. From this evidence the jury was authorized to draw the inference that the plaintiff was injured in the manner charged, especially when the plaintiff's evidence, that there was no fire on the vacant lot at all, is considered. This assignment will likewise be overruled.

It is claimed that the damages are excessive. The amount of recovery in personal injury cases must be left largely to the discretion of the jury. The verdict in such cases ought not to be disturbed, unless the amount is so large as to shock the conscience of the court. Concerning the nature and extent of plaintiff's injuries, the evidence tended to prove that her body and limbs were severely burned, and that the wounds on one of her limbs was so serious as to result in permanent lameness. Judging from the nature and depth of the burns, the plaintiff must have suffered excruciating pains. While the amount allowed is quite a round sum, we would not be justified in holding that it is excessive.

Finding no error in the record, the judgment of the circuit court will be affirmed. Judge Bond concurs. Judge Rombauer concurs in the result.